UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| RUBY RICHARDSON, | CIV. NO. 18-00340 LEK-RLP |
|---|---|
| Plaintiff, | |
| vs. | |
| HILTON RESORTS CORPORATION, | |
| Defendant. | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COUNT V (HOSTILE WORK ENVIRONMENT)**

Before the Court is Defendant Hilton Resort Corporation's ("Defendant" or "Hilton") Motion to Dismiss Count V (Hostile Work Environment) ("Motion"), filed on December 6, 2018. [Dkt. no. 23.] Plaintiff Ruby Richardson ("Plaintiff") filed her memorandum in opposition on January 18, 2019, and Defendant filed its reply on January 25, 2019. [Dkt. nos. 28, 29.] This matter came on for hearing on February 8, 2019. Defendant's Motion is hereby granted in part and denied in part in that dismissal of Count V is granted without prejudice and with leave to amend, and denied in all other respects for the reasons set forth below.

**BACKGROUND**

Plaintiff filed this action on September 10, 2018, alleging, *inter alia*, a hostile work environment claim

("Count V") pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). [Complaint (dkt. no. 1) at ¶ 40.] The facts relevant to the instant Motion are alleged in the Complaint as follows:

Plaintiff was employed by Defendant as a Sales Manager starting in 2005. [Id. at ¶ 7.] Between October 2014 and November 2017, Plaintiff's younger, male co-workers verbally and demonstrably harassed her "on a continual basis." [Id. at ¶ 8.] She describes three incidents in detail: 1) a younger, male co-worker placed a roll of toilet paper with her name written on it on her desk; [id.;] 2) a note was written to her that read "'do not steal my penis'"; [id.;] and 3) a co-worker, Josh Kannel, stood above her on a staircase, called for her to look up at him, gathered mucous in his mouth, and acted as if he was going to spit on her, [id. at ¶ 11].

From 2014 to 2017, Plaintiff presented numerous verbal and written complaints to various managers and supervisors at Hilton. She was also forced to take medical leave in April and July of 2017, allegedly due to the stress caused by the harassment. [Id. at ¶¶ 12-13.]

On November 1, 2017, Plaintiff resigned from Hilton. She was sixty-three years old at the time. [Id. at ¶ 4.] On November 11, 2017, she filed a Charge of Discrimination

("Charge") with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Dismissal and Notice of Rights on June 15, 2018. [Id. at ¶ 6.]

The instant Motion seeks dismissal of Count V, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues: 1) the conduct alleged in the Complaint does not constitute a hostile work environment under either Title VII or the ADEA; and 2) none of the alleged acts occurred within the statute of limitations.

## DISCUSSION

### I. Consideration of Materials Beyond the Pleadings

As a preliminary matter, the Court addresses the proper scope of its consideration of the Motion. Plaintiff and Defendant have attached a number of extrinsic documents to their memoranda regarding the instant Motion. As a general rule, this Court's scope of review in considering a Rule 12(b)(6) motion to dismiss is limited to the allegations in the complaint. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018), *cert. petition docketed*, No. 18-1010 (Feb. 4, 2019). If the district court considers materials beyond the pleadings, "the 12(b)(6) motion converts into a motion for summary judgment under [Fed. R. Civ. P.] 56," and "both parties must have the opportunity 'to present all the material that is pertinent to the motion.'" Id. (quoting Fed. R. Civ. P. 12(d)). However, a

district court can consider materials beyond the pleadings without converting the motion to dismiss into a motion for summary judgment if either the incorporation by reference doctrine or Fed. R. Evid. 201 judicial notice applies. Id.

**A.  The Charge**

Defendant submitted a copy of the Charge with the Motion, [Motion, Decl. of Andrew L. Pepper, Exh. A,] and argues this Court can consider the Charge because both the incorporation-by-reference doctrine and judicial notice apply.

> [I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims. Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in* Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681–82 (9th Cir. 2006) (observing "the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based").
>
> Although the doctrine is straightforward in its purpose, it is not always easy to apply. In Ritchie, we said that a defendant may seek to incorporate a document into the complaint "if the plaintiff refers extensively to the document or **the document forms the basis of the plaintiff's claim**." [United States v.] Ritchie, 342 F.3d [903,] 907 [(9th. Cir. 2003)]. . . .

Khoja, 899 F.3d at 1002 (emphasis added). Plaintiff does not appear to dispute Defendant's position — that the Charge is

4

incorporated by reference in the Complaint — having also attached a copy of the Charge to her memorandum in opposition. See Mem. in Opp., Decl. of Ruby Richardson ("Richardson Decl."), Exh. 8. The Complaint also arises directly out of the same facts and events alleged in the Charge, using substantially similar language and including the same three incidents as the Charge in support of the hostile work environment claim. See, e.g., id. at 1 ("Since October 2014 . . ."); Complaint at ¶ 8. Finally, Plaintiff necessarily relies on the Charge to satisfy the respective statutes of limitations. See Complaint at ¶ 6. The Charge is therefore incorporated by reference in the Complaint and will be considered in ruling on the instant Motion without converting the Motion into a motion for summary judgment.

    B.    **Other Extrinsic Materials**

In addition to the Charge, Plaintiff submitted a declaration and a number of other exhibits, and Defendant submitted excerpts of Plaintiff's Answers to Defendant's First Request for Admissions to Plaintiff and Plaintiff's Answers to Defendant's First Request for Answers to Interrogatories to Plaintiff. [Richardson Decl., Exhs. 1-7; Reply, Decl. of Andrew L. Pepper, Exhs. B-C.]

These documents and exhibits do not relate to matters of public record, nor do they contain facts "not subject to

reasonable dispute." See Fed. R. Evid. 201(b) (judicial notice). Further, these materials are not mentioned in the Complaint, nor do they form the basis of the Complaint. See Khoja, 899 F.3d at 1002 (incorporation by reference). Therefore, neither Plaintiff's declaration, Plaintiff's Exhibits 1 through 7, nor Defendants' Exhibits B and C will be considered in ruling on the instant Motion.

## II. Title VII

Title VII protects against employment discrimination "because of [an] individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to state a plausible Title VII claim based on a sexually hostile work environment,[1] a plaintiff must plead the following elements: "'(1) [plaintiff] was subjected to verbal or physical conduct of a sexual nature, (2) this conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Campbell v. Haw., Dep't of Educ., Civil No. 13-00083 DKW-RLP, 2015 WL 1608436, at *6 n.3 (D. Hawai`i Apr. 10, 2015) (alteration in Campbell) (quoting Craig v. M & O

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

6

Agencies, Inc., 496 F.3d 1047, 1055 (9th Cir. 2007)), aff'd, 892 F.3d 1005 (9th Cir. 2018). In addition, the environment must be "'both subjectively and objectively hostile.'" Id. at *6 (quoting Dominguez-Curry v. Nevada Transp. Dep't, 424 F.3d 1027, 1034 (9th Cir. 2005)).

A. **Severe or Pervasive Conduct**

Defendant first argues that Plaintiff's claim fails because she does not plead sufficiently severe or pervasive conduct to support a hostile work environment claim. The Complaint describes three alleged instances of harassment, which Plaintiff alleges were subjectively and objectively hostile and sufficiently severe or pervasive to support her claim. [Complaint at ¶¶ 8, 11.] Plaintiff alleges these incidents were part of a pattern of abuse meant to "belittle and ridicule" her. [Complaint at ¶ 11.]

For purposes of the instant Motion, this Court assumes Plaintiff's factual allegations about the three incidents are true. See Iqbal, 556 U.S. at 678 ("for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true" (citing Twombly, 550 U.S. at 555)). However, as this district court has recognized previously: "[t]he [United States] Supreme Court has cautioned that 'Title VII [is] not . . . a general civility code,' and therefore, 'simple teasing, offhand comments, and isolated incidents (unless

7

extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.'" Vanhorn v. Hana Grp., Inc., 979 F. Supp. 2d 1083, 1097 (D. Hawai`i 2013) (some alterations in Vanhorn) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S. Ct. 2275 (1998)). "The required level of severity or seriousness varies inversely with the pervasiveness or frequency of the conduct." Reynaga v. Roseburg Forest Prods., 847 F.3d 678, 687 (9th Cir. 2017) (citation and quotation marks omitted).

While the conduct of Plaintiff's co-workers was inappropriate, juvenile, and disrespectful, based on the allegations of the Complaint, the conduct involved "isolated incidents" of "simple teasing." See Faragher, 524 U.S. at 788. Accordingly, the three incidents described in the Complaint are neither objectively severe nor pervasive enough to have altered the conditions of Plaintiff's employment. See, e.g., Campbell v. Haw. Dep't of Educ., 892 F.3d 1005, 1019-20 (2018) (holding a vice principal's: statement in a memorandum that the plaintiff "'verbally ragged' a security officer and students"; reference to "female students who dressed as 'hoochi mammas'"; and comment that "students needed to 'cover up their business'" were not sufficiently severe and pervasive to support a hostile work environment claim under Title VII), and Manatt v. Bank of Am., NA, 339 F.3d 792, 798-99 (9th Cir. 2003) (holding that a single

instance where the plaintiff was mocked for mispronouncing a word and a single gesture "in an attempt to imitate or mock the appearance of Asians" were merely "simple teasing" and neither severe nor pervasive enough to alter the terms of the plaintiff's employment, but noting that, "[i]f these actions had occurred repeatedly, [the plaintiff] may very well have had an actionable hostile environment claim"). The alleged incidents in this case were isolated crude jokes and inappropriate comments and are therefore neither severe nor pervasive enough to sustain a hostile work environment claim under Title VII.

The Court notes that the Complaint mentions other "inappropriate sexual banter" and "personal verbal attacks" but does not provide any more detail or context on these other incidents. [Complaint at ¶¶ 8, 11.] Without more detail or context on the seriousness or frequency of these types of remarks, the Court is limited to considering only the three specific incidents. See Iqbal, 556 U.S. at 678 (stating a complaint requires more than "'naked assertion[s]' devoid of 'further factual enhancement'" (alteration in Iqbal) (quoting Twombly, 550 U.S. at 557)).

B. **Sexual Animus**

Defendant also argues Plaintiff's hostile work environment claim fails because the allegedly hostile conduct was not based on sex. The only support that Plaintiff offers in

9

this regard is to "allege[] that the acts . . . created a hostile work environment based upon . . . sex discrimination and sexual harassment . . . ." [Complaint at ¶ 40.]  However, this Court is not required to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).  Plaintiff has only stated, in a conclusory manner, that the alleged harassment was motivated by sex.  None of the underlying factual allegations show that sex was a motivating factor.  The toilet paper roll and spitting incidents bear no immediate relation to sex.  [Complaint at ¶¶ 8, 11.]  Further, while the note left on her desk reading, "do not steal my penis" is tangential to sex, Plaintiff does not indicate how the harassment was motivated by sex.  [Id. at ¶ 8.]

In light of these deficiencies, the portion of Count V alleging a Title VII claim based on a sexually hostile work environment is dismissed.  However, it is arguably possible for Plaintiff to cure these defects by amendment.  See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks omitted)).

**III. ADEA**

Defendant also seeks dismissal of the portion of Count V alleging a hostile work environment claim based on age. This district court recognized previously:

> The ADEA . . . prohibit[s] discrimination based on age. 29 U.S.C. § 623(a)(1) ("It shall be unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age").
>
> A plaintiff may show violations of th[is] statute[] by proving the existence of a hostile work environment. Sischo-Nownejad v. Merced Cmty. Coll. Dist., 934 F.2d 1104, 1109 (9th Cir. 1991) (hostile work environment claim cognizable under ADEA), *superceded by statute on other grounds as recognized by* Dominguez-Curry v. Nev. Trans. Dist., 424 F.3d 1027 (9th Cir. 2005).

Aoyagi v. Straub Clinic & Hosp., Inc., 140 F. Supp. 3d 1043, 1058 (D. Hawai`i 2015) (some alterations in Aoyagi) (some citations omitted). Analysis of a hostile work environment claim is identical under the ADEA and Title VII, except that the harassment must be shown as motivated by age, rather than the protected classes enumerated in Title VII. See Sischo-Nownejad, 934 F.2d at 1109 (discussing hostile work environment claims under Title VII and the ADEA).

Plaintiff has not provided any underlying factual basis to support her claim under the ADEA. Since Plaintiff does not provide any additional facts, the analysis for her hostile work environment claim is the same under the ADEA as under

Title VII: Plaintiff has not alleged sufficiently severe or pervasive conduct to plead a plausible claim under the ADEA. Further, there are no factual allegations in the Complaint indicating that the three incidents were motivated by Plaintiff's age, and Plaintiff makes no attempt to advance any theory in support of her conclusion that these incidents created a hostile work environment based on age. Plaintiff must provide more than "mere conclusory statements." See Iqbal, 556 U.S. at 678.

Plaintiff's ADEA claim alleging a hostile work environment based on age fails to state a plausible claim and must be dismissed. However, it is arguably possible for Plaintiff to cure these defects in her ADEA claim by amendment.

## IV. Timing of the Charge

Title VII and the ADEA include a timing requirement for complainants to file a charge of discrimination. Complainants must file a charge within 180 days of the alleged harassment, or 300 days if the charge is "dual-filed" with a state agency with the power to redress the issue. 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA). Defendant argues: 1) Plaintiff is precluded from using the extended 300-day period because the Charge was not dual-filed; and 2) no incident in the Complaint occurred within either the 180-day or 300-day statutory periods.

## A. 180-day vs. 300-day Filing Period

This district court has held:

> Title VII extends the 180-day period to 300-days if filed in a "worksharing jurisdiction." See 42 U.S.C. § 2000e-5(e)(1); E.E.O.C. v. Dinuba Med. Clinic, 222 F.3d 580, 585 (9th Cir. 2000); Urrutia v. Valero Energy Corp., 841 F.2d 123, 126 (5th Cir. 1988) (concluding that an employment discrimination claimant is entitled to a 300-day period for filing with the EEOC where a state worksharing agreement waives exclusive jurisdiction over Title VII actions as to claims filed between 180 and 300 days of the alleged unlawful employment action). Hawaii and California are both "worksharing" states such that administrative claims filed with the EEOC are deemed "dual-filed" with the state's local agency and vice versa. See E.E.O.C. v. NCL America, Inc., 504 F. Supp. 2d 1008, 1010 (D. Haw. 2007) **("Hawaii is a 'worksharing' state such that administrative claims with the EEOC are deemed 'dual-filed' with the Hawaii Civil Rights Commission ("HCRC") (or vice-versa).");** McCarthy v. R.J. Reynolds Tobacco Co., 819 F. Supp. 2d 923, 935-36 (E.D. Cal. 2011) (filing of plaintiff's EEOC complaint is deemed to be a filing with the California Department of Fair Employment & Housing) ("DFEH"); Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir. 2008) (charge filed with DFEH deemed filed with EEOC pursuant to a work-sharing agreement between the two entities).

E.E.O.C. v. Global Horizons, Inc., 860 F. Supp. 2d 1172, 1193-94 (D. Hawai`i 2012) (footnote omitted) (emphasis added).

As discussed *supra*, the Court may consider the Charge in ruling on the instant Motion. The Charge was filed with the EEOC on November 11, 2017. Since Hawai`i is a "worksharing" state, the Charge is considered to have been automatically dual-

filed with the HCRC.  Therefore, Plaintiff may avail herself of the 300-day extended period under Title VII and the ADEA in order to establish her hostile work environment claims.

   B.   **Harassment Within the 300-day Period**

Defendant argues the three incidents alleged in the Complaint occurred prior to the 300-day period, which began on January 20, 2017.  However, in making this argument, Defendant relies on Exhibits B and C, which this Court cannot consider in ruling on the instant Motion.  See *supra* Section I.  Looking only to the Complaint and the Charge, which is incorporated by reference into the Complaint, the alleged harassment occurred sometime between October 2014 and November 2017.  Incidents that occurred on or after January 20, 2017 would be within the 300-day period, and Plaintiff's claims based on those incidents would be timely.  Thus, for the purposes of this Motion, it is arguably possible for Plaintiff to amend Count V to state timely hostile work environment claims.  The dismissal of Count V must therefore be without prejudice.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion to Dismiss Count V (Hostile Work Environment), filed December 6, 2018, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as Count V is DISMISSED and DENIED insofar as the dismissal is WITHOUT PREJUDICE.  Plaintiff is GRANTED leave

to file an amended complaint by April 29, 2019.  Plaintiff is CAUTIONED that she only has leave to amend Count V and the factual allegations in support thereof.  Plaintiff does not have leave to add any new claims, parties, or theories of liability.

Defendant is ORDERED to file an answer to the Complaint, except for Count V, within fourteen days of the filing of this Order.

If Plaintiff chooses not to amend Count V, the case will proceed on Plaintiff's remaining claims, and the Complaint will remain Plaintiff's operative pleading.  The parties are CAUTIONED that the deadlines set forth in this Order will not be affected by the filing of a motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, March 29, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RUBY RICHARDSON VS. HILTON RESORTS CORPORATION; CV 18-00340 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COUNT V (HOSTILE WORK ENVIRONMENT)**